**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BAR CODES TALK, INC.,**

    **Plaintiff,**

v.                                                           Case No.  8:10-cv-1462-T-30MAP

**GS1 US, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant GS1 US, Inc.'s Motion to Dismiss (Dkt. 21) and Plaintiff's Response (Dkt. 28). The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

## DISCUSSION

Both Plaintiff and Defendant are in the business of selling barcodes, which are machine-readable images that contain information. This action involves Plaintiff's claims that Defendant breached contractual obligations and committed various tortious acts by failing to associate Plaintiff's name with certain barcode prefixes in Defendant's database. Plaintiff bases its legal claims on rights it allegedly obtained as an assignee of a class member covered by a "Class Settlement Agreement." (Dkt. 21, Ex. 1 thereto). Defendant entered into the Class Settlement Agreement with certain representative plaintiffs on

December 11, 2003, to resolve a class action lawsuit filed in the Superior Court of Washington, County of Spokane.

Importantly, the Class Settlement Agreement provides that the parties shall submit the agreement to the Washington Superior Court for approval and requests that court to reserve exclusive jurisdiction over the class action, the parties, and the enforcement, construction and interpretation of the Class Settlement Agreement, among other things. The parties also agreed that the Class Settlement Agreement would be governed by, construed, interpreted and enforced pursuant to the laws of the State of Washington.

On April 2, 2004, the Washington court entered its final approval order and retained "<u>exclusive and continuing jurisdiction</u> over this action and the parties, including all Class Members, for purposes of supervising, administering, implementing, enforcing, constructing and interpreting the settlement, and the claims process and payments thereunder." (Dkt. 21, Ex. 1 thereto) (emphasis added).

Plaintiff's claims against Defendant are premised on the allegation that Plaintiff's barcodes are subject to the Class Settlement Agreement. Plaintiff alleges that Defendant refused to include Plaintiff's Bar Codes Talk, Inc. in the Member Directory as owner of the barcodes and instead has demanded that Plaintiff pay fees in order to secure such benefits. Plaintiff also contends that Defendant has denied Plaintiff membership benefits secured under the Class Settlement Agreement.

This issue is now before the Court on Defendant's motion to dismiss. Defendant argues, in part, that the Court must dismiss this action because the Washington court has

exclusive jurisdiction over Plaintiff's claims. The Court agrees that dismissal is appropriate under these facts.

The Court finds the case of *Petoskey Inv. Group, LLC v. Bear Creek Tp.*, 2005 WL 1796130, at *8-*9 (W.D. Mich. July 27, 2005) persuasive, given the similarity of the material facts. In *Petoskey Inv. Group, LLC*, the parties stipulated to the terms of a consent judgment, including the state court's retention of jurisdiction. *Id.* Plaintiff, however, filed an action in the district court for claims that were related to the consent judgment. *Id.* Defendant filed a motion for summary judgment and requested the court to dismiss the case and send the case "back to the State Courts," because there were important state interests involved regarding interpretation of the consent judgment. *Id.* The district court agreed that the claims should be dismissed and reasoned that it would not make sense for the state court to retain jurisdiction, yet have the district court determine what the state court meant in the consent judgment. *Id.* Therefore, the district court concluded that the plaintiff's claims should be dismissed and litigated in state court. *Id.*

The district court in *Petoskey Inv. Group, LLC* relied, in part, on the Ninth Circuit's reasoning in *Flanagan v. Arnaiz*, 143 F.3d 540 (9th Cir. 1998) to conclude that dismissal of the plaintiff's claims was appropriate. In *Flanagan*, the Ninth Circuit held that where the district court expressly retained jurisdiction to enforce a settlement agreement and to resolve disputes that may arise under it, litigation in state court "would pose a significant risk of frustrating the district court's jurisdiction over the consent judgment." *Id.* at 545. The district court noted in *Petoskey Inv. Group, LLC* that this analysis should apply equally when

a start court expressly retains jurisdiction to enforce a settlement agreement. *See generally Petoskey Inv. Group, LLC*, 2005 WL 1796130, at *8-*9.

Similarly, in *Magnolia v. Conn. Gen. Life Ins. Co.,* 157 F. Supp. 2d 583, 587 (D. Md. 2001), a Maryland district court dismissed an action where a California district court retained jurisdiction over "enforcement and interpretation" of a class settlement. The court noted that "[i]t would make no sense for the California Court to retain jurisdiction to interpret and apply its own judgment but permit another court to construe what it meant in that judgment." *Id. See also Johnson v. Hoffman,* No. 95-7431, 1996 WL 296527 (E.D. Pa. 1996) (noting, in dicta, that even if the court had jurisdiction to hear the case before it, the court should abstain from hearing a case in deference to a Florida state court, which retained jurisdiction over a settlement agreement); *House v. Aiken County Nat. Bank,* 956 F. Supp. 1284, 1292 (D.S.C. 1996) (dismissing a case without prejudice to allow plaintiff to return to state court where the state court retained jurisdiction over a settlement agreement).

These decisions support the notion that a district court may dismiss an action where, as here, a state court retains exclusive jurisdiction over a settlement agreement. In this case, both the Class Settlement Agreement and the Final Order and Partial Judgment provide that the Washington Superior Court retains the <u>exclusive</u> ability to construe, interpret, and enforce the agreement. And there is no dispute that Plaintiff's claims relate to the construction, interpretation, and enforcement of the Class Settlement Agreement. Also, Plaintiff is bound by the terms of the Class Settlement Agreement as a successor and assignee of a class member. Plaintiff's claims rely on certain terms of the Class Settlement Agreement to provide it with certain rights, so it would be disingenuous to simultaneously argue that

Plaintiff is not bound by the provisions dealing with the Washington Superior Court's exclusive jurisdiction.  Moreover, the Class Settlement Agreement provides that it "shall be binding upon, and inure to the benefit of, the Class, the Defendant, and the heirs, successors and assigns of the Settling Parties."  (Dkt. 21, Ex. 1 thereto).

Accordingly, Plaintiff's complaint must be dismissed without prejudice to Plaintiff to pursue its claims in the Superior Court of Washington, County of Spokane, which has retained exclusive and continuing jurisdiction over the implementation, enforcement, construction, and interpretation of the Class Settlement Agreement and the claims process and payments thereunder.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant GS1 US, Inc.'s Motion to Dismiss (Dkt. 21) is hereby GRANTED.

2. This action is dismissed without prejudice as set forth herein.

3. The Clerk is directed to CLOSE this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on November 2, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-1462.mtdismissDkt21.wpd